```
 1                    UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   UNITED STATES OF AMERICA,        )
                                      )
 5        Plaintiff,                  ) No. 20-CR-2115
                                      )
 6            v.                      ) July 22, 2020
                                      )
 7   GINA CHAMPION-CAIN,              ) 11:33 a.m.
                                      )
 8        Defendant.                  ) San Diego, California
     _____ )
 9

10        TRANSCRIPT OF INITIAL APPEARANCE AND CHANGE OF PLEA
                 BEFORE THE HONORABLE MICHAEL S. BERG
11                  UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13    For the Plaintiff:       UNITED STATES ATTORNEYS OFFICE
                               By:  ANDREW GALVIN, ESQ.
14                                  AARON ARNZEN, ESQ.
                               880 Front Street
15                             San Diego, California  92101

16    For the Defendant:       SCHEPER KIM & HARRIS
                               By:  DAVID CHARLES SCHEPER, ESQ.
17                                  ANGELA MARIE MACHALA, ESQ.
                               800 West Sixth Street
18                             Los Angeles, California  90017-2701

19

20    Court Transcriber:       CYNTHIA R. OTT, RDR, CRR
                               District Court Clerk's Office
21                             333 West Broadway, Suite 420
                               San Diego, California, 92101
22                             cynthia_ott@casd.uscourts.gov

23

24

25   Recorded by Electronic Sound Recording, Transcribed by Computer
```

```
 1              SAN DIEGO, CALIFORNIA, JULY 22, 2020, 11:33 A.M.

 2                            *  *  *  *

 3              THE CLERK:  Calling matter three on the sealed

 4  calendar, 20-CR-2115.  Government, do you have a motion?

 5              MR. GALVIN:  We do, Your Honor, the United States

 6  moves to unseal this matter for all purposes.

 7              THE COURT:  Okay.

 8              THE CLERK:  Thank you.  Matter number three is United

 9  States versus Gina Champion-Cain.

10              MR. SCHEPER:  Good morning, Your Honor, David Scheper

11  on behalf of Gina Champion-Cain.

12              THE COURT:  Thank you.  You can all be seated, that's

13  fine.  Whatever you'd like, if you'd rather stand or sit, it's

14  up to you.

15              MR. GALVIN:  Your Honor, and Andrew Galvin for the

16  United States.

17              THE COURT:  Thank you.  Are you making a general

18  appearance?

19              MR. GALVIN:  Yes.

20              THE COURT:  Thank you.

21              THE CLERK:  And, Ms. Machala, would you like to make

22  an appearance?

23              MS.  MACHALA:  Yes, this is Angela Machala also for

24  Ms. Champion-Cain.

25              THE COURT:  Okay, thank you.  And Ms. -- do you go by
```

1    Champion-Cain?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Okay.  It's my understanding you are also

4    going to plead guilty today, is that correct, ma'am?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Okay.  You can swear her in.

7              THE CLERK:  Please raise your right hand.

8              (Defendant sworn.)

9              THE DEFENDANT:  I do.

10             THE CLERK:  Thank you, you can lower your hand.

11             THE COURT:  Thank you.  Ma'am, you are charged in an

12   information with conspiracy, securities fraud, and obstruction

13   of justice.

14             You have the right to have these charges brought

15   before a grand jury to determine if probable cause exists to

16   have you stand trial in this matter.  A grand jury is a group

17   of citizens that would listen to the evidence and if they

18   believed that probable cause existed, they would return what's

19   called an indictment against you.  It's my understanding that

20   you are willing to give up this right to this grand jury

21   proceeding and proceed by way of this information, which is

22   just simply a separate but different charging document.

23             Is that correct?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And have you discussed that with your

1   attorneys?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  And has anyone forced or threatened you to

4   do this?

5          THE DEFENDANT:  No.

6          THE COURT:  And Mr. Scheper, you concur?

7          MR. SCHEPER:  I do.

8          THE COURT:  I will find a knowing, intelligent and

9   voluntary waiver to your right to a grand jury proceeding.

10         You have just taken an oath to tell the truth.  It's

11  very important, if you should lie or make any false statements

12  during these proceedings the government could charge you with a

13  new and separate crime called perjury or making a false

14  statement.  So at any time if you have any questions about

15  anything I ask, please don't guess at the answer, let me know,

16  I will be happy to explain it to you further or have

17  Mr. Scheper explain it to you, okay?

18         THE DEFENDANT:  Okay.

19         THE COURT:  In the last 24 hours have you taken any

20  drugs or narcotics that would make it difficult for you to

21  understand what we're doing here today?

22         THE DEFENDANT:  No, Your Honor.

23         THE COURT:  You have the right to have your guilty

24  plea taken by the district court judge in your case, that's

25  Judge Battaglia, I'm a magistrate judge.  It's my understanding

1    you will allow me to take your guilty plea today and then Judge

2    Battaglia will do your sentencing, is that how you still wish

3    to proceed?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  Thank you.  I also have a written plea

6    agreement and two addendums.  I can't quite honestly see what

7    the initial is, I'm just going to take it for granted that it's

8    GC, is that right?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Okay.  And the signature on the back, are

11   those your initials and your signatures?

12             THE DEFENDANT:  Yes.

13             THE COURT:  And before you read the plea agreement and

14   the two addendums, did you -- or before you initialled and

15   signed it rather, did you read them all in their entirety or

16   have them read to you?

17             THE DEFENDANT:  I read them all in my entirety, in the

18   entirety.

19             THE COURT:  Okay.  Great.  And do you have any

20   questions about anything that any of them contain?

21             THE DEFENDANT:  No.

22             THE COURT:  I'm not going to go through the entire

23   agreements with you, I know you spent considerable time with

24   your attorneys going over everything, I am just going to go

25   over a few parts of it with you.

1          You have very valuable constitutional rights in this

2     country and you're going to be giving up a number of these

3     rights by pleading guilty here today.  You have the right to a

4     speedy and public trial by jury; the right to cross-examine and

5     confront any witnesses that would testify against you; the

6     right to subpoena to court any witnesses to testify on your

7     behalf; the right for you to personally testify or remain

8     silent; and the right to an attorney, which you already have.

9          Do you understand these constitutional rights?

10         THE DEFENDANT:  I do.

11         THE COURT:  By pleading guilty, you're going to be

12    giving up each and every one of these rights with the exception

13    of your right to an attorney, your attorneys will remain as

14    your attorneys until the case has been concluded.  Do you give

15    up each of the rights I've just described with the exception of

16    your right to an attorney?

17         THE DEFENDANT:  I do.

18         THE COURT:  Thank you.  As I indicated, you are

19    charged with conspiracy, securities fraud, and obstruction of

20    justice.  If you were to go to trial on these counts, the

21    government would need to prove the elements of the charges

22    beyond a reasonable doubt.  Just one second, please.

23         (Pause.)

24         THE COURT:  As to the first count, the securities

25    fraud, the government would need to prove that you willfully

1   used a scheme to defraud someone or obtain money or property

2   from someone by means of an untrue statement or omission of

3   material fact, that your acts were undertaken and your

4   statements were made in the offer or sale of one or more

5   securities and that you directly or indirectly used the

6   instruments or facilities of interstate commerce in connection

7   with undertaking these acts and making these statements.

8          As to the obstruction of justice charge, the

9   government would need to prove beyond a reasonable doubt that

10  you knew that a proceeding was pending before the United States

11  Securities and Exchange Commission, that you corruptly

12  endeavored to influence, obstruct or impede the due and proper

13  administration of the law under which the proceeding before the

14  United States Securities and Exchange Commission was being

15  conducted.

16          And as to the conspiracy charge, the government would

17  need to prove that there was an agreement between two or more

18  people to commit offenses, to wit, securities fraud, in

19  violation of 15 USC section 77q and 77xx and obstruction of

20  justice in violation of 18 USC section 1505; that you became a

21  member of the conspiracy knowing of at least one of its objects

22  and intending to help accomplish it; and that one of the

23  members of the conspiracy performed at least one overt act for

24  the purpose of carrying out the conspiracy.

25          Do you understand each and every one of these

1   elements, ma'am?

2          THE DEFENDANT:  I do, Your Honor.

3          THE COURT:  And do you understand that by pleading

4   guilty here today, you will be admitting these elements and the

5   government need not do anything further to prove the charge

6   against you?

7          THE DEFENDANT:  I do.

8          THE COURT:  Thank you.  You are -- you are facing the

9   following maximum penalties:  Consecutive sentences of a

10  maximum of five years in prison for securities fraud, five

11  years in prison for obstruction of justice, five years in

12  prison for conspiracy, for a total maximum term of 15 years in

13  prison; a maximum fine based on the greater of twice the gross

14  loss caused to persons by the offense for $250,000, a mandatory

15  special assessment of $100 per count; a term of supervised

16  release of up to three years; an order from the Court that you

17  make restitution to the victims of the offense and forfeiture

18  of any property, real or personal, which constitutes or is

19  derived from proceeds traceable to the crimes committed.

20         Do you understand these maximum penalties?

21         THE DEFENDANT:  I do.

22         THE COURT:  Are you a United States citizen?

23         THE DEFENDANT:  I am.

24         THE COURT:  At the time of sentencing, Judge Battaglia

25  may place you on supervised release.  If it's later determined

1    that any term or condition of your supervised release has been

2    violated, he could remand you to custody to serve the maximum

3    period of time allowed for each violation, do you understand

4    that?

5              THE DEFENDANT:  I do.

6              THE COURT:  On page 24 of your plea agreement, there's

7    a paragraph entitled, defendant waives appeal and collateral

8    attack, and then there are a few exceptions that are contained

9    within that paragraph.  Essentially what that paragraph means

10   is that if Judge Battaglia sentences you in accordance with the

11   terms of your plea agreement, you will forever waive your right

12   to appeal or otherwise challenge your conviction and sentence.

13             Do you understand the paragraph entitled, defendant

14   waives appeal and collateral attack and the exceptions that are

15   contained within that paragraph that are within your plea

16   agreement?

17             THE DEFENDANT:  I do.

18             THE COURT:  And did you and Mr. Scheper discuss the

19   sentencing guidelines?

20             THE DEFENDANT:  We did.

21             THE COURT:  And do you understand these guidelines are

22   advisory only?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Judge Battaglia does not have to follow

25   them, he can impose the maximum sentence set forth in your plea

1  agreement, do you understand that?

2        THE DEFENDANT:  I do.

3        THE COURT:  He will calculate the applicable guideline

4  range, he will consider that range.  He will consider any

5  departures under the sentencing guidelines and any other

6  departures under 18 USC section 3553(a) that Mr. Scheper or

7  Ms. Machala might wish Judge Battaglia to consider.  But once

8  you've been sentenced, you will not be able to withdraw your

9  plea.  Do you understand?

10        THE DEFENDANT:  I do.

11        THE COURT:  Do you have any questions whatsoever about

12  the sentencing guidelines, how they apply to you or how they

13  apply in your case?

14        THE DEFENDANT:  I do not.

15        THE COURT:  Other than what's contained within your

16  written plea agreement, have any promises been made to you in

17  order to get you to plead guilty today?

18        THE DEFENDANT:  No.

19        THE COURT:  Has anyone threatened you or anyone close

20  to you in order to get you to plead guilty?

21        THE DEFENDANT:  No.

22        THE COURT:  Are you pleading guilty because in truth

23  and in fact you are guilty and for no other reason?

24        THE DEFENDANT:  Yes.

25        THE COURT:  Before I can accept your guilty plea, I

1  need to know that you actually committed a crime, that's called

2  a factual basis.

3          Mr. Scheper, do you have a copy of your plea agreement

4  there, sir?

5          MR. SCHEPER:  I don't.

6          THE COURT:  Do you have an extra you could give him?

7  Thank you.

8          Mr. Scheper, if you will turn to page three of the

9  plea agreement and show that to Ms. Champion-Cain, going from

10  page three, through page four, through page five, through page

11  six, through page seven, through page eight, through page nine,

12  through page 10, through page 11, through page 12, through page

13  13, through page 14, through page 15, through page 16, through

14  page 17, through page -- to the top of page 18, there are a

15  total of 45 paragraphs that contain all the facts of your

16  conduct in this case.

17          You previously went over these with your attorneys and

18  initialled the bottom of those pages to indicate that.  Are all

19  these facts contained within these paragraphs true and correct,

20  ma'am?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Thank you.  Mr. Scheper, do you concur in

23  the factual basis?

24          MR. SCHEPER:  I do, Your Honor.

25          THE COURT:  And do you concur in your client's plea?

1          MR. SCHEPER:  I do.

2          THE COURT:  And who's standing in for the government?

3          MR. GALVIN:  I am, Your Honor.

4          THE COURT:  And do you concur in the factual basis?

5          MR. GALVIN:  We do, Your Honor.

6          THE COURT:  Thank you.  Ms. Champion-Cain, are you

7  satisfied with the services of your attorneys in this case?

8          THE DEFENDANT:  Absolutely.

9          THE COURT:  And then there's two addendums that are

10  going to be made part of the record, one -- and these are both

11  unsealed, correct?

12          MR. GALVIN:  (Inaudible).

13          THE COURT:  One is a restitution addendum that is,

14  let's see, seven pages in length, you previously initialled and

15  signed it and you agree that should be made part of this

16  record?

17          THE DEFENDANT:  Yes.

18          THE COURT:  And then there's a cooperation agreement

19  that is four pages in length that you have initialled and

20  signed and you agree that that should be made part of this

21  record?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Thank you.  You may rearraign

24  Ms. Champion-Cain.

25          THE CLERK:  Ms. Champion-Cain, now that you have been

1    advised of your rights, the charges against you, and the

2    possible sentence, how do you now plead to counts one, two and

3    three of the information, guilty or not guilty?

4              THE DEFENDANT:  Guilty.

5              THE COURT:  Thank you.  I will find that your plea has

6    been made knowingly and voluntarily with a full understanding

7    of the nature of the charge, your rights, and consequences of

8    the plea.  There is a factual basis for the plea.

9              I will recommend that Judge Battaglia accept your

10   plea.  I will exclude time under the Speedy Trial Act between

11   today's date and the date of sentencing for Judge Battaglia to

12   consider your plea agreement and accept your plea.

13             The parties have 14 days to file any objections to my

14   findings.  I will order a probation report and set sentencing

15   for October 13th at 9:00 before Judge Battaglia.

16             And we still have a number of things we need to go

17   over this morning, but first of all I wanted to tell you that

18   you're -- before you go -- before you go to sentencing, you're

19   going to have an interview by the probation officer and the

20   probation officer is going to do a lengthy report about you,

21   your background, your employment history, your schooling, life

22   history, any prior record, if any, and then what led you to get

23   into this case, the involvement in this and what your plans are

24   when this is all behind you.

25             The probation officer will then make a recommendation

1    to Judge Battaglia about your sentencing.  Judge Battaglia does

2    not have to follow that, but he's certainly going to consider

3    it, so I would urge you to cooperate with the probation

4    officer.

5         You have two very fine attorneys so please continue to

6    cooperate with them.  As to bond, has there been any

7    recommendations?

8         MR. GALVIN:  There is, Your Honor.  The parties are in

9    agreement, the contemplated recommendation is for a hundred

10   thousand dollar bond secured by the signature of one

11   financially responsible adult, in this case that person is

12   Stephen Cain, the defendant's husband.

13        THE COURT:  Okay.  And is that who's on the phone?

14        THE DEFENDANT:  Yes.

15        THE COURT:  Okay.  Mr. Scheper, anything?

16        MR. SCHEPER:  I have nothing to add at this point,

17   Your Honor.

18        THE COURT:  Okay.  So it was a hundred thousand

19   dollars secured by one financially responsible individual, is

20   that correct?

21        MR. SCHEPER:  It is, Your Honor.

22        THE COURT:  Okay.  Can we have the -- did you give me

23   this for --

24        THE CLERK:  That's the original.

25        THE COURT:  Okay.  I will sign your bond.  I will

1    release you on the following conditions, just give me one quick

2    second, okay?

3            Did you prepare a report?

4            PRETRIAL OFFICER:  I did, Your Honor, I e-mailed it to

5    you.

6            THE COURT:  Oh.

7            (Pause.)

8            THE COURT:  Is there any reason that travel needs to

9    be outside San Diego County during the pendency of the case?

10           MR. SCHEPER:  That's acceptable to the defense.

11           THE COURT:  Okay.  If for any reason travel needs to

12   be done outside the county, you can always contact your

13   attorney or pretrial services and it can either be authorized

14   through them or to contact the Court and we can discuss what

15   it's for and go from there.

16           MR. SCHEPER:  Yes, Your Honor, and we discussed this

17   with Mr. Galvin and Mr. Arnzen too that that might happen and

18   that we'll try to get their sign-off too in addition to all the

19   other parties you mentioned.

20           THE COURT:  Okay.  All right, Ms. Champion-Cain, I

21   will release you on the following conditions:  You're not to

22   violate any federal, state or local laws during this period of

23   release.  You're to cooperate in the collection of a DNA sample

24   if requested.  You must appear in court and surrender as

25   directed.  You must not possess any firearm, destructive device

1    or other dangerous weapon.

2           You must not use or possess a narcotic drug or other

3    controlled substance without a lawful medical prescription.

4    Marijuana is illegal for all federal purposes.  You must report

5    to pretrial services as directed.

6           And did you want her to report today?

7           PRETRIAL OFFICER:  Your Honor, we'll provide her with

8    reporting instructions and she can report tomorrow.

9           THE COURT:  Okay, thank you.  You must keep pretrial

10   services advised of your resident address and phone number and

11   report any changes in that to them.

12          You must read what you have already -- you've already

13   signed the advice of penalties and sanctions form within the

14   bond.  Your travel is restricted at this time to San Diego

15   County, but, again, if travel needs to be outside it, just let

16   us know.  You're not to enter Mexico during these proceedings.

17          You have executed the bond in the amount of $100,000,

18   that is secured by your husband's signature.

19          UNIDENTIFIED SPEAKER:  Your Honor, could you make the

20   record clear that Mr. Cain is on the line for the record.

21          THE COURT:  I don't think it really matters.  We never

22   require the sureties to be part of the record, so that's fine.

23          You are to seek and maintain full-time employment,

24   schooling or a combination.  You're to surrender any passport

25   you have to pretrial services and not attempt to obtain a new

1    one while this case is pending.

2              Are there any other bond conditions from anybody?

3              MR. GALVIN:  Not as recommended by the government,

4    Your Honor.

5              THE COURT:  Mr. Scheper?

6              MR. SCHEPER:  No, Your Honor.

7              MS.  MACHALA:  No, Your Honor.

8              THE COURT:  Okay.  You're still going to need to go

9    this morning to -- do you know where the marshals

10   office -- you're going to, I'm sure they'll direct you if you

11   go downstairs but you're going to need to go to the marshals

12   office which is in the basement of the building right on the

13   other side of the gravel outside, the other federal courthouse,

14   and they're going to take your fingerprints and booking photo,

15   it shouldn't take too long and then you'll be free to go.

16             So other than that, anything further from anybody?

17             MR. GALVIN:  No, Your Honor.

18             MR. SCHEPER:  Your Honor, is that trip across the

19   courtyard -- is that trip across the courtyard going to require

20   me to go through security again?

21             THE COURT:  Unfortunately, yes, there's not -- in the

22   afternoon we have the marshals to take her in the back, but

23   there's nobody here to do that so.

24             MR. SCHEPER:  Let me just say drat.

25             THE COURT:  But you don't actually have to go,

1    Ms. Champion-Cain could do it on her own I'm sure.  It's up to

2    you.

3              MR. SCHEPER:  Oh, I can hack it.

4              THE COURT:  Other than that, Ms. Champion-Cain, I wish

5    you the very best of luck on your case.  You've got excellent

6    lawyers, please listen to their advice, and good luck to you,

7    ma'am.

8              THE DEFENDANT:  Thank you, Your Honor.

9              THE COURT:  Thank you.

10             MR. SCHEPER:  Thank you, Your Honor.

11             MR. GALVIN:  Thank you, Your Honor.

12             THE COURT:  Thank you.

13   (The proceedings concluded at 11:54 a.m., July 22, 2020.)

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    TRANSCRIBER'S CERTIFICATE.

2

3       I, CYNTHIA R. OTT, Official Court Transcriber, United

4   States District Court, Southern District of California, do

5   hereby certify that pursuant to 28 U.S.C. §753 the foregoing is

6   a true, complete and correct transcript from the electronic

7   sound recording of the proceedings had in connection with the

8   above-entitled matter and that the transcript page format is in

9   conformance with the regulations of the Judicial Conference of

10  the United States.

11
        DATED at San Diego, California, September 1, 2020.
12

13

14                           /s/ CYNTHIA R. OTT
                          CYNTHIA R. OTT, RDR, CRR
15

16

17

18

19

20

21

22

23

24

25
```